UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODI STANTON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>　　　　　　Defendant, | Case No. 4:14-cv-00231-EJL-CWD<br><br>**ORDER ON MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER** |

　　　Pending before the Court is Brian Simmons and Steve Braase's Motion to Intervene and Modify Protective Order ("Intervenors").  Intervenors seek deposition transcripts from Jodi Stanton's case, the facts of which arose out of the same nuclear incident alleged in Intervenors' actions.  (Case No. 4:14-cv-00294-BLW ("*Simmons*") and  Case No. 4:14-cv-00481-BLW ("*Braase*"). The Court has reviewed the briefing submitted by the parties and heard oral argument on the Motion.  Battelle Energy Alliance, LLC ("BEA") and Jodi Stanton filed non-opposition briefing to the Motion and BEA has produced the deposition transcripts at issue to Intervenors.   Based on the parties' non-opposition, the Court's review of the briefing, and the statements of the parties at oral argument, it finds that the relevance standards set forth in *Foltz* have been met for purposes of modifying the protective order.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132-33 (2003).

　　　Although BEA produced the deposition transcripts to Intervenors, it did so with redactions it asserts are necessary under the Privacy Act, 5 U.S.C § 552a.  *See Verrill v. Battelle*

1 -  ORDER ON MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER

*Energy Alliance, LLC*, Case No. 4:12-cv-00628-BLW, 2013 WL 5816632, *1 (D. Idaho Oct. 28, 2013).  BEA further asserts it cannot produce the deposition transcripts without redactions under the Privacy Act without a Court order.  The relevancy of the records is not in dispute and the Court finds the "Confidential" designation in the protective order entered in this matter (Dkt. 22) to be sufficient to address the concerns raised by BEA with regard to the Privacy Act, particularly since the protective order in this case is nearly identical to the protective orders in *Braase* and *Simmons*.

The Court does not make any finding as to whether the transcripts produced pursuant to this Order are properly designated as "Confidential."  Pursuant to *Foltz*, if Intervenors seek to challenge whether any portions of the transcripts are properly designated as "Confidential," those issues need to be presented to and addressed by the collateral court.

Based on the foregoing, the Court **ORDERS**:

1. Intervenors' Motion to Intervene and Modify Protective Order is **GRANTED**;

2. BEA shall produce unredacted copies of the deposition transcripts it previously produced in redacted form under the Privacy Act, with the relevant pages marked "Confidential" pursuant to the terms of the protective order in this matter;

3. Any challenge as to whether any portions of the transcripts are properly designated "Confidential" under the protective order shall be presented to and addressed by the collateral court.

Dated: **August 08, 2016**

Honorable Candy W. Dale
United States Magistrate Judge